DISTRICT COURT OF THE DISTRICT OF COLUMBIA
Civil Division

| | | |
|---|---|---|
| **JAMES INGRAM**<br>4519 Tuckerman Street<br>Riverdale Park, MD  20737 | : <br> : <br> : <br> : | |
| Plaintiff, | : <br> : | Case No. _____ |
| v. | : <br> : | |
| **WASHINGTON DC VETERANS**<br>**AFFAIRS MEDICAL CENTER**<br>50 Irving Street, NW<br>Washington, DC 20422 | : <br> : <br> : <br> : <br> : | |
| Serve:<br>     Ms. Alice A. Bishop<br>     Department of Veterans Affairs<br>     Office of Regional Counsel<br>     1772 I Street, NW 3rd Floor<br>     Washington, DC  20421 | : <br> : <br> : <br> : <br> : <br> : <br> : | |
| **WILLIE J. BANKS, Jr., M.D.**<br>Howard University Hospital<br>2041 Georgia Avenue, NW<br>Washington, DC 20060-0002 | : <br> : <br> : <br> : <br> : | |
| **NORMAN KENYATTA, M.D.**<br>Howard University Hospital<br>2041 Georgia Avenue, NW<br>Washington, DC 20060-0002 | : <br> : <br> : <br> : <br> : | |
| **HOWARD UNIVERSITY HOSPITAL**<br>2041 Georgia Avenue, NW<br>Washington, DC 20060<br>Serve:<br>     Sherman P. McCoy<br>     CEO and Executive Director,<br>     Howard University Hospital<br>     2041 Georgia Avenue, NW<br>     Washington, DC 20060, | : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : | |
| Defendants. | : | |

## COMPLAINT

**COMES NOW** the Plaintiff, by and through the undersigned counsel, and files this complaint, and for his cause of action states:

1. Jurisdiction of this court is invoked pursuant to 28 U.S.C. § 1346 and by virtue of the fact that all acts and omissions complained of occurred within the District of Columbia.

2. Venue in this court is proper pursuant to 28 U.S.C. § 1402 since the cause of action arose in the District of Columbia.

3. Plaintiff James Ingram is an adult resident and citizen of the State of Maryland.

4. At all times relevant hereto, Washington DC Veterans Affairs Medical Center (hereinafter "VA Hospital"), was doing business in the District of Columbia at 50 Irving Street, NW, Washington, DC 20422.

5. At all times relevant hereto, Howard University Hospital was doing business in the District of Columbia at 2041 Georgia Avenue, NW, Washington, DC 20060-0002.

6. At all times relevant hereto, Willie J. Banks, Jr., M.D. was a healthcare provider licensed to practice medicine in the District of Columbia at 50 Irving Street, NW, Washington, DC 20422.

7. At all times relevant hereto, Norman Kenyatta, M.D. was a healthcare provider licensed to practice medicine in the District of Columbia at 50 Irving Street, NW, Washington, DC 20422.

8. At all times relevant hereto, Norman Kenyatta, M.D. and Willie J. Banks, Jr., M.D. are employees, agents and/or servants of Howard University Hospital.

9. In compliance with 28 U.S.C. § 2401(b) Plaintiff filed a claim for damages on October 6, 2004 with the Veterans Affairs Administration (herein after "VA"). On October 13, 2004, Plaintiff received a request for information from the VA to which Plaintiff responded to on December 29, 2004. Plaintiff has not received any further correspondence. The Federal Torts Claim Act, 28 U.S.C. § 2675(a) states:

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section.

10. At all times relevant hereto, the nurses, physicians and other health care providers who provided care to Plaintiff James Ingram at the VA Hospital were acting as employees, agents and/or servants of Defendant VA Hospital and were acting within the scope of their employment.

11. At all times relevant hereto, Dr. Banks provided care to Plaintiff James Ingram.

12. At all times relevant hereto, Dr. Kenyatta provided care to Plaintiff James Ingram.

## BACKGROUND

13. On or about October 8, 2002, James Ingram went to the VA Hospital for arthroscopic Anterior Crucial Ligament (hereinafter "ACL") reconstruction on his right knee by Norman Kenyatta, M.D.

14. On or about October 9, 2002, Mr. Ingram was discharged from the VA Hospital.

15. On or about October 25, 2002, Mr. Ingram was admitted and diagnosed with an infected knee.

16. Mr. Ingram was prescribed IV antibiotics during his October 25, 2002 admission.

17. On or about October 29, 2002, arthroscopic irrigation and debridement (hereinafter "I/D") surgery was performed by Willie J. Banks, Jr., M.D.

18. On or about October 30, 2002, fluid collected in the right knee and patient had degenerative changes.

19. On or about October 30, 2002, Mr. Ingram was diagnosed with a Staphylococcus Aureus infection in his right knee.

20. On or about November 12, 2002, patient was admitted for another arthroscopy irrigation and debridement on his right knee to remove the fluid and infection.

21. On or about September 30, 2003, Mr. Ingram was admitted & diagnosed with arthrofibrosis of the right knee, which developed following the infection of his knee.

22. On or about October 28, 2003, Mr. Ingram was readmitted to the VA Hospital and was diagnosed with adhesions and calcification of right knee secondary to infection from ACL reconstruction.

23. On or about October 28, 2003, an arthrotomy right knee with lysis of adhesions and a lateral retinacular release was performed.

24. Mr. Ingram suffers permanent injury to his right knee which includes a loss of motion and pain.

## Count I

### (Medical Negligence)

25. Defendants, their agents, servants and employees, owed a duty to Plaintiff to exercise that degree of skill, care, judgment and expertise ordinarily possessed and used by health care providers acting in the same or similar circumstances.

26. Plaintiff relied upon Defendants, their agents, servants and employees to exercise such skill and care to properly, accurately, and timely diagnose, and provide necessary care and treatment as other reasonable health care providers would if presented with the same or similar circumstances.

27. Defendants, their agents, servants and employees either did not possess the degree of skill, care, judgment and expertise required of them, or did not use the degree of skill, care, judgment and expertise required of them in performing the right-knee ACL reconstruction, and thereby breached the duty of care owed to the Plaintiff, including, but not limited to the following particulars:

   a) Defendants failed to properly perform the arthroscopy ACL reconstruction;

   b) Defendants failed to prevent infection of Mr. Ingram's knee following the surgery, including but not limited to the failure to prescribe antibiotics to prevent the infection;

   c) Defendants failed to diagnose the Staphylococcus Aureus infection of Mr. Ingram's knee and failed to provide and monitor the proper medications;

   d) Defendant relies on *respondeat superior* and *res ipsa loquitur*; and

   e) Defendants were otherwise negligent.

28. As a direct and proximate result of the negligence of the Defendants, their agents, servants and employees, Plaintiff has sustained medical, hospital and related expenses; pain, suffering, mental anguish, embarrassment, humiliation; disfigurement; loss of income; and an inability to enjoy life; all of which are permanent and will continue into the future.

**WHEREFORE**, Plaintiff demands judgment against Defendants in an amount to be determined at trial but believed to be in excess of one hundred thousand dollars ($100,000.00) in compensatory damages, as well as punitive damages in an amount to be determined by a jury and damages on their own behalf for injuries which they suffered in an amount in excess of one hundred thousand dollars ($100,000.00) plus costs of this suit, and such other and further relief as this Court deems just and proper.

Dated: October 6, 2005

        Respectfully submitted,

        PAULSON & NACE

        _____
        Barry J. Nace, # 130724
        Gabriel A. Assaad, # 478538
        1615 New Hampshire Ave., NW
        Washington, DC 20009
        (202) 463-1999

        *Counsel for Plaintiff*

* * *

## Jury Demand

Plaintiff, by and through the undersigned counsel and pursuant to Rule 38 of the Federal Rules of Civil Procedure, hereby demands trial by jury against Defendants Willie J. Banks, Jr., M.D., Norman Kenyatta, M.D. and Howard University Hospital on all issues in this matter.

_____
Gabriel A. Assaad, Esq.

\* \* \*

## CERTIFICATE OF SERVICE

I hereby certify that on this 6th day of October, 2005 I caused a true and exact copy of the foregoing *Complaint* to be served by first class mail, postage pre-paid upon:

Ms. Alice A. Bishop
Department of Veterans Affairs
Office of Regional Counsel
1172 I Street, NW, 3rd Floor
Washington, DC  20421

Willie J. Banks, Jr., M.D.
Howard University Hospital
2041 Georgia Avenue, NW
Washington, DC 20060-0002

Norman Kenyatta, M.D.
Howard University Hospital
2041 Georgia Avenue, NW
Washington, DC 20060-0002

Mr. Sherman P. McCoy
CEO and Executive Director
Howard University Hospital
2041 Georgia Avenue, NW
Washington, DC 20060-0002

_____
Gabriel A. Assaad, Esq.