**DISTRICT COURT OF THE DISTRICT OF COLUMBIA**
**CIVIL DIVISION**

| | | |
|---|---|---|
| **JAMES INGRAM,** | * | |
| **Plaintiff,** | * | **Case No. 1:05CV01985** |
| | * | **Judge: Richard J. Leon** |
| **vs.** | * | |
| **WASHINGTON DC VETERANS AFFAIRS MEDICAL CENTER, et al.,** | * | |
| **Defendants.** | * | |

* * * * * * * * * * * *

**ANSWER TO THE COMPLAINT**
**ON BEHALF OF DEFENDANTS HOWARD UNIVERSITY HOSPITAL AND DR. KENYATTA NORMAN**

The Defendants, Howard University Hospital and Dr. Kenyatta Norman, who appears in the Complaint as "Norman Kenyatta", by and through their attorneys, HUGH W. FARRELL AND ASSOCIATES, answer the Complaint filed against them and state as follows:

**FIRST DEFENSE**

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

**SECOND DEFENSE**

Plaintiff's claims are barred by the applicable Statute of Limitations.

**THIRD DEFENSE**

The Plaintiff is guilty of assumption of risk that acts as a bar to his claim.

**FOURTH DEFENSE**

The Plaintiff is guilty of contributory negligence that acts as a bar to his claim.

**FIFTH DEFENSE**

Plaintiff's alleged injuries and damages were caused by acts or omissions of third parties for which these Defendants are not responsible.

**SIXTH DEFENSE**

Plaintiff's alleged injuries and damages are a result of the natural disease process for which these Defendants are not responsible.

**SEVENTH DEFENSE**

Defendants Howard University Hospital and Kenyatta Norman, MD deny that the Plaintiff was injured to the extent claimed and deny that the Plaintiff's injuries or damages were caused by the alleged acts of negligence of these Defendants.

**EIGHTH DEFENSE**

As to the allegations set forth in the Complaint, Defendants Howard University Hospital and Kenyatta Norman, MD respond as follows:

1. Paragraph One is a statement of jurisdiction that does not require a response from these Defendants.

2. Paragraph Two is a statement of venue that does not require a response from these Defendants.

3. Defendants lack sufficient knowledge or information to form a belief as to the allegations contained in Paragraph Three of the Complaint. Defendants therefore deny these allegations and demand strict proof thereof.

4. The allegations contained in Paragraph Four do not apply to these Defendants and therefore do not require a response from them.

5. Defendants admit the facts as alleged in Paragraph Five of the Complaint.

6. The allegations contained in Paragraph Six do not apply to these Defendants and therefore do not require a response from them.

7. In reply to the allegations contained in Paragraph Seven of the Complaint, Defendants contend that Dr. Kenyatta Norman was an orthopaedic resident.

8. Defendants admit that as an orthopaedic resident, Dr. Kenyatta Norman was an employee of Howard University Hospital. They deny that Willie J. Banks, Jr., MD was an agent or employee of Howard University Hospital.

9. Defendants lack sufficient knowledge or information to form a belief as to the allegations contained in Paragraph Nine of the Complaint and therefore deny those allegations and demand strict proof thereof.

10. Defendants lack sufficient knowledge or information to form a belief as to the allegations contained in Paragraph Ten of the Complaint and therefore deny those allegations and demand strict proof thereof.

11. Defendants lack sufficient knowledge or information to form a belief as to the allegations contained in Paragraph Eleven of the Complaint and therefore deny those allegations and demand strict proof thereof.

12. Defendants at this time lack sufficient knowledge or information to form a belief as to the allegations contained in Paragraph Twelve of the Complaint and therefore deny those allegations and demand strict proof thereof.

**BACKGROUND**

13. Defendants lack sufficient knowledge or information to form a belief as to the allegations contained in Paragraph Thirteen of the Complaint and therefore deny those allegations and demand strict proof thereof.

14. Defendants lack sufficient knowledge or information to form a belief as to the allegations contained in Paragraph Fourteen of the Complaint and therefore deny those allegations and demand strict proof thereof.

15. Defendants lack sufficient knowledge or information to form a belief as to the additional allegations contained in Paragraph Fifteen of the Complaint and therefore deny those allegations and demand strict proof thereof.

16. Defendants lack sufficient knowledge or information to form a belief as to the additional allegations contained in Paragraph Sixteen of the Complaint and therefore deny those allegations and demand strict proof thereof.

17. Defendants lack sufficient knowledge or information to form a belief as to the additional allegations contained in Paragraph Seventeen of the Complaint and therefore deny those allegations and demand strict proof thereof.

18. Defendants lack sufficient knowledge or information to form a belief as to the additional allegations contained in Paragraph Eighteen of the Complaint and therefore deny those allegations and demand strict proof thereof.

19. Defendants lack sufficient knowledge or information to form a belief as to the additional allegations contained in Paragraph Nineteen of the Complaint and therefore deny those allegations and demand strict proof thereof.

20. Defendants lack sufficient knowledge or information to form a belief as to the additional allegations contained in Paragraph Twenty of the Complaint and therefore deny those allegations and demand strict proof thereof.

21. Defendants lack sufficient knowledge or information to form a belief as to the additional allegations contained in Paragraph Twenty-One of the Complaint and therefore deny those allegations and demand strict proof thereof.

22. Defendants lack sufficient knowledge or information to form a belief as to the additional allegations contained in Paragraph Twenty-Two of the Complaint and therefore deny those allegations and demand strict proof thereof.

23. Defendants lack sufficient knowledge or information to form a belief as to the additional allegations contained in Paragraph Twenty-Three of the Complaint and therefore deny those allegations and demand strict proof thereof.

24. Defendants deny the allegations contained in Paragraph Twenty-Four of the Plaintiff's Complaint, including all allegations of causation, damages and agency. Defendants demand strict proof of each of the allegations set forth in this paragraph.

**COUNT I**
(Medical Negligence)

25. Defendants lack sufficient knowledge or information to form a belief as to the allegations contained in Paragraph Twenty-Five of the Complaint and therefore deny those allegations and demand strict proof thereof.

26. The allegations contained in Paragraph Twenty-Six of the Complaint is a statement of law that does not require a response from these Defendants.

27. Defendants deny all allegations contained in the main part of Paragraph Twenty-Seven of the Complaint including all allegations of breach of the standard of care and negligence and demand strict proof thereof. Defendants respond to the subparts of Paragraph Twenty-Seven as follows:

(a) Defendants deny all allegations contained in Paragraph Twenty-Seven (a) of the Complaint, including the allegations of negligence and failure to properly perform the arthoscopy ACL reconstruction.

(b) Defendants deny all allegations contained in Paragraph Twenty-Seven (b) of the Complaint, including the allegations of negligence and failure to provide appropriate care to Plaintiff and demand strict proof thereof.

(c) Defendants deny all allegations contained in Paragraph Twenty-Seven (c) of the Complaint, including the allegations of negligence and demand strict proof thereof.

(d) Paragraph Twenty-Seven (d) of the Complaint is a statement of legal principle which does not apply to the factual scenario alleged.

Defendants therefore object to Plaintiff's allegations in Paragraph Twenty-Seven (d) and demand strict proof thereof.

(e) Defendants deny all allegations of negligence contained in Paragraph Twenty-Seven (e) of the Complaint and demand strict proof thereof.

28. Defendants deny the allegations contained in Paragraph Twenty-Eight of the Complaint, including all allegations of negligence, pain and suffering, causation and damages and future damages and demand strict proof thereof.

**NINTH DEFENSE**

The Defendants hereby deny all allegations contained in the Complaint that have not been specifically admitted to herein.

WHEREFORE, the Defendants, Howard University Hospital and Kenyatta Norman, MD, having fully answered the Complaint against them, request that the Complaint be dismissed with prejudice and attorney's fees and cost be assessed against the Plaintiff and his counsel.

Respectfully submitted,

HUGH W. FARRELL & ASSOCIATES

____________________________
Hugh W. Farrell, #375515
Hugh W. Farrell & Associates
8840 Stanford Boulevard, Suite 2000
Columbia, Maryland 21045
(301) 596-7222

*Counsel for Defendants Howard University Hospital and Kenyatta Norman, MD*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the foregoing Answer to Complaint was sent by first class mail this __________ day of November, 2005 to:

Barry J. Nace, Esquire
Gabriel A. Assaad, Esquire
Paulson & Nace
1615 New Hampshire Avenue, N.W.
Washington, D.C. 20036

*Counsel for Plaintiff*

Ms. Alice A. Bishop
Department of Veterans Affairs
Office of Regional Counsel
1172 I Street, N.W., 3rd Floor
Washington, D.C. 20421

Willie J. Banks, Jr., MD
Howard University Hospital
2041 Georgia Avenue, N.W.
Washington, D.C. 20060 - 0002

______________________________
Hugh W. Farrell, #375515