DISTRICT COURT OF THE DISTRICT OF COLUMBIA
CIVIL DIVISION

| | |
|---|---|
| JAMES INGRAM, | * |
| | * |
| | * Case No. 1:05CV01985 |
| Plaintiff, | * |
| | * Judge: Richard J. Leon |
| | * |
| vs. | * |
| | * |
| WASHINGTON DC VETERANS | * |
| AFFAIRS MEDICAL CENTER, et al., | * |
| | * |
| | * |
| Defendants. | * |
| | * |

\* \* \* \* \* \*       \* \* \* \* \*

## DEFENDANTS HOWARD UNIVERSITY HOSPITAL AND KENYATTA NORMAN, MD'S REQUEST FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF JAMES INGRAM

TO:      James Ingram, Plaintiff

FROM:    Howard University Hospital & Kenyatta Norman, MD, Defendants

COMES NOW, the Defendants, Howard University Hospital and Kenyatta Norman, MD, by and through their attorneys, HUGH W. FARRELL & ASSOCIATES, and requests, pursuant to the Rules of Procedure, that Plaintiff, James Ingram, produce at the law offices of HUGH W. FARRELL & ASSOCIATES, 8840 Stanford Boulevard, Suite 2000, Columbia, Maryland 21045, no later than thirty (30) days after receipt of this Request, for inspection and copying, all documents and tangible things specified in the paragraphs immediately following, which are in the possession, custody, or control of (1) the Plaintiff, (2) any agent,

servant, employee, or attorney of the Plaintiff, (3) or any other person acting for or on behalf of the Plaintiff.

To the extent that any document is not produced for any reason, such document or documents shall be identified in writing, and such identification shall include the nature of the document, date, author, and address or respondent (where applicable) and the reasons for withholding production.

To the extent that any document is no longer in your possession or control, identify the document, indicate when and how it left your possession, and identify the person who now possesses or controls the document.

For the purposes of this Request, "statement", is defined to be either:

A.  A written statement signed or otherwise adopted or approved by the person making it or,

B.  A stenographic, mechanical, electrical, or other recording, or a transcription thereof, which is a substantially verbatim recital of an oral statement by the person making it and contemporaneously recorded.

## **DOCUMENTS TO PRODUCE**

1.  All medical records, surgical records, mental records, financial records, bills, invoices, writing, notes or memoranda relating in any way to all of the Plaintiff's physical, mental or medical conditions, illnesses or disabilities, including but not limited to those of doctors, nurses, practitioners, hospitals, clinics, institutions or other health care providers or third party private or governmental health or accident insurers, without regard to whether it is the Plaintiff's contention

that such physical, mental or medical conditions, illnesses or disabilities were caused in any way by the Defendants or any agent or employee of the Defendants:

    a.    for a period of five (5) years before and up to the time of the occurrence alleged in the Plaintiff's Complaint;

    b.    for a period of time commencing on the date of the occurrence alleged in the Plaintiff's Complaint up to and including the present date.

2.    With regard to any records in Request 1 above which are in existence but are not physically in the possession or custody of the Plaintiff or the Plaintiff's attorney, the Defendants request that the Plaintiff execute the enclosed authorizations to each doctor or hospital where records exist to allow the Defendants to obtain and examine copies of said records.

3.    All employment records relating in any way to the Plaintiff, including the name and address of all employers, the records of the dates absent from work for any reason whatsoever, the records relating to the fact and duration of unemployment, the records of workmen compensation, unemployment insurance, welfare, and applications for assistance from any governmental agency because of unemployment or ill health, and all income records:

    a.    for a period of five (5) years prior to the time of the alleged occurrence alleged in the Plaintiff's Complaint;

    b.    for a period of time commencing on the date of the occurrence alleged in the Plaintiff's Complaint up to and including the present date.

4.    With regard to any records referred to in the preceding Request 3 above which are in existence but are not physically in the possession or custody of

the Plaintiff or the Plaintiff's attorney, the Defendants request that the Plaintiff execute the enclosed authorizations to allow the Defendants to examine and obtain copies of said records.

5. All diaries, notes, and other documents prepared by any person relating in any way to the allegations of the Plaintiff's Complaint.

6. All documents referring or relating to any investigation of the occurrence which is alleged in the Complaint.

7. All reports of any expert witnesses the Plaintiff intends to call to testify at the trial of this matter.

8. All curriculum vitaes for all expert witnesses the Plaintiff intends to call to testify at the trial of this matter.

9. All income tax returns filed by the Plaintiff:

   a. for a period of five (5) years prior to the time of the alleged occurrence alleged in the Plaintiff's Complaint; and

   b. for a period of time commencing on the date of the occurrence alleged in Plaintiff's Complaint up to and including the present date.

10. All reports, memoranda, letters or other writings reviewed by any expert witness whom you intend to call to testify at the trial of this matter.

11. All statements of Defendants, and/or its agents, servants and/or employees regarding the alleged incident.

12. All statements of any health care provider relevant to the cause of the complications or injuries following the alleged incident referred to in Plaintiff's Complaint.

13. Any correspondence received by you from Howard University Hospital.

14. All documents identified or referred to in Answers to Interrogatories.

Respectfully submitted,

HUGH W. FARRELL & ASSOCIATES

_____
Hugh W. Farrell, #375515
Hugh W. Farrell & Associates
8840 Stanford Boulevard
Suite 2000
Columbia, Maryland  21045
(301) 596-7222

*Counsel for Defendants Howard University Hospital and Kenyatta Norman, MD*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY, that a copy of the foregoing Requests for Production of Documents has been mailed, first class mail, postage prepaid, this ____ day of November, 2005, to:

Barry J. Nace, Esquire
Gabriel A. Assaad, Esquire
Paulson & Nace
1615 New Hampshire Ave., N.W.
Washington, D.C. 20036

*Counsel for Plaintiff*

Ms. Alice A. Bishop
Department of Veterans Affairs
Office of Regional Counsel
1172 I Street, N.W., 3rd Floor
Washington, D.C. 20421

Willie J. Banks, Jr., MD
Howard University Hospital
2041 Georgia Avenue, N.W.
Washington, D.C. 20060 - 0002

_____
Hugh W. Farrell

AUTHORIZATION FOR THE RELEASE OF
EMPLOYMENT INFORMATION
FOR JAMES INGRAM

TO: _____

_____

_____

_____

RE: JAMES INGRAM

I, James Ingram, hereby authorize attorney Hugh W. Farrell, or his representative, to examine and obtain copies of any and all personnel records, and other employment records relating to the employment of James Ingram. I further authorize attorney Hugh W. Farrell, or his representative, to interview, communicate and correspond with my employer regarding all matters relating to my earnings, loss of wages, leave and employment.

_____
JAMES INGRAM


_____
Social Security Number


Date: _____


**A PHOTOCOPY OF THIS AUTHORIZATION SHALL BE CONSIDERED AS EFFECTIVE AND VALID AS THE ORIGINAL.**

# CONSENT FOR USE AND DISCLOSURE OF HEALTH INFORMATION

---

TO: _____

DATE: _____

**SECTION A: PATIENT**

Name: <u>James Ingram</u>

Address: _____

Social Security Number: _____

**SECTION B: PLEASE READ THE FOLLOWING STATEMENTS CAREFULLY.**

**Purpose of Consent:** By signing this form, you will consent to our use and disclosure of your protected health information for the purpose of our defense of the claim against our client and possible for review by medical expert witnesses for our client.

**Notice of Privacy Practices:** You have the right to read our Notice of Privacy Practices before you decide whether to sign this Consent. Our Notice provides a description of the uses and disclosures we may make of the protected health information, and of other important matters about the protected health information. A copy of our Privacy Practice accompanies this Consent. We encourage you to read it carefully and completely before signing this Consent.

We reserve the right to change our privacy practices as described in our Privacy Practices subject to the law of the District of Columbia and the HIPAA Privacy Rules. If we change our privacy practices, we will issue a revised Privacy Practices, which will contain the changes. Those changes may apply to any of your protected health information that we maintain.

You may obtain further details about our Privacy Practices, including any revisions, at any time by contacting:

    Contact Person: Erin Dolce, Privacy Administrator

    Telephone: 301 596-7222   Fax: 301 596-7590

    Address: 8840 Stanford Blvd. Suite 2000, Columbia, Maryland 21045

**Right to Revoke:** You will have the right to revoke this Consent at any time by giving us written notice of your revocation submitted to the Contact Person listed above. Please understand that revocation of this Consent will *not* affect any action we took in reliance on this Consent before we received your revocation, and that we may seek recourse to the Court where the underlying case is filed.

## SIGNATURE

I, <u>James Ingram</u>, have had full opportunity to read and consider the contents of this Consent form and Privacy Practices of Hugh W. Farrell & Associates and understand that, by signing this Consent form, I am giving my consent to disclosure of my protected health information to carry out review by counsel in preparation of the defense of the claim against his client(s) and or for review by medical expert witnesses retained on behalf of the client.

Signature: _____   Date: _____

**YOU ARE ENTITLED TO A COPY OF THIS CONSENT AFTER YOU SIGN IT.**
Include completed Consent in the patient's chart.