UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JAMES INGRAM, ) | |
| ) | |
| Plaintiff, ) | Civil Action No.: 05-1985 (RJL) |
| ) | |
| v. ) | |
| ) | |
| WASHINGTON DC VETERANS AFFAIRS ) | |
| MEDICAL CENTER, *et al*., ) | |
| ) | |
| Defendants. ) | |

**FEDERAL DEFENDANTS' ANSWER**

Federal Defendants[1] by and through undersigned counsel, hereby answers the allegations in Plaintiff's Amended Complaint as follows:

FIRST DEFENSE

The Amended Complaint contains certain claims upon which relief may not be granted.

SECOND DEFENSE

This Court lacks subject matter jurisdiction over certain claims in the Amended Complaint.

THIRD DEFENSE

Plaintiff's claims and/or causes of action set forth in the Amended Complaint are barred

---

[1] Although Plaintiff's amended complaint names the Washington D.C. Veterans Affairs Medical Center, Willie J. Banks, M.D., Kenyatta Norman, M.D., Alberto Gonzales, Attorney General, the U.S. Department of Justice, and the United States of America, the only proper defendant is the United States of America. See 28 U.S.C. § 1346(b)(1)(FTCA is a limited waiver of sovereign immunity, permitting damage actions against the United States for injury, loss of property or death caused by the negligent or wrongful acts or omissions of federal employees acting within the scope of their employment).

by the doctrines of contributory negligence and/or assumption of the risk.

## FOURTH DEFENSE

Plaintiff's alleged injuries were caused solely by the acts or omissions of other parties, persons, or entities, their servants, agents, representatives, or employees, none of whom are agencies or employees of the United States for whom the United States has any liability pursuant to the Federal Tort Claims Act.

## FIFTH DEFENSE

The negligent acts or omissions of others may have constituted intervening or superceding causes of all damages or injuries allegedly sustained.

## SIXTH DEFENSE

Federal Defendants deny that Plaintiff was injured to the extent claimed and deny that any alleged injuries or damages were proximately caused by the alleged acts of negligence of Federal Defendants.

## SEVENTH DEFENSE

Any damages recovered in this action must be reduced by the amount of any benefits that Plaintiff has received from the United States.

## EIGHTH DEFENSE

Plaintiff has failed to mitigate or minimize his damages, if any.

## NINTH DEFENSE

The United States, through its employees and agents, acted with due care and diligence at all relevant times.

## TENTH DEFENSE

Insofar as the Complaint requests prejudgment interest and punitive damages, such are not recoverable under the FTCA. 28 U.S.C. § 2674.

## ELEVENTH DEFENSE

Costs are not separately recoverable under the Federal Tort Claims Act.

## TWELFTH DEFENSE

Plaintiff is not entitled to a trial by jury under the Federal Tort Claims Act.

## THIRTEENTH DEFENSE

Federal Defendants reserve the right to amend their Answer should facts learned in discovery so warrant. Federal Defendants also reserve the right to assert any other matter that constitutes an avoidance or affirmative defense under Fed. R. Civ. P. 8(c).

## FOURTEENTH DEFENSE

Federal Defendants deny each and every allegation in the Amended Complaint except as may be expressly and specifically admitted. Federal Defendants respond to the separately numbered paragraphs and prayers for relief as follows:

**INTRODUCTION**

1. This paragraph contains a jurisdictional allegation to which no response is required.

2. This paragraph contains a statement of venue to which no response is required.

3. Defendant United States lacks sufficient knowledge or information to admit or deny the allegations contained in this paragraph.

4. Admit.

5. Federal Defendants lack sufficient knowledge or information to form a belief as to the

truth of the allegation contained in this paragraph.

6. Admit to the extent that Dr. Banks is a full-time employee of the U.S. Department of Veterans Affairs and is licensed to practice medicine. With regard to any remaining allegations, deny.

7. Admit to the extent that during the academic year of 2002-2003, Dr. Kenyatta Norman was a medical resident at the Howard University, School of Medicine, and was protected from personal liability as provided by the Federal Tort Claims Act, pursuant to a Memorandum of Affiliation between Howard University and the U.S. Department of Veterans Affairs.

8. This paragraph contains conclusions of law to which no response is required. To the extent it contains any allegations of fact, deny.

9. With respect to the first sentence, admit insofar as an administrative claim was filed with the U.S. Department of Veterans Affairs, not the "Veterans Affairs Administration." In answering the second sentence, admit. Regarding the third sentence, deny to the extent that Plaintiff's administrative claim was denied by letter of May 25, 2006. The fourth sentence of this paragraph contains a statement of law to which no response is required.

10. At this time, the United States lacks knowledge or information sufficient to form a belief as to the truth of the allegation contained in this paragraph.

11. Deny.

12. Deny.

13. Admit insofar as medical records indicate that Plaintiff was admitted to the VA Medical Center on October 8, 2002, and underwent a partial lateral menisectomy with medial meniscus debridement and repair of anterior cruciate ligament.

14. Admit that medical records indicate that Plaintiff was discharged from the VA Medical Center on October 9, 2002.

15. Deny. Federal Defendants aver that medical records indicate that Plaintiff was admitted to the VA Medical Center on October 28, 2002.

16. Admit that medical records indicate that Plaintiff was prescribed and received intravenous antibiotics at his October 28, 2002, admission to the VA Medical Center. Except as expressly admitted, deny.

17. Admit that medical records indicate that Plaintiff underwent a diagnostic arthroscopy on October 29, 2002, and that W. Banks, MD, acted as the attending surgeon and C. Roberson, MD, as the resident surgeon. Except as expressly admitted, deny.

18. Deny.

19. Admit that medical records indicate that a wound culture was positive for the presence of Staphylococcus aureus on October 31, 2002. Except as expressly admitted, deny.

20. Federal Defendants deny this paragraph as framed. Federal Defendants aver that medical records indicate that Plaintiff, who remained hospitalized after being admitted on October 28, 2002, underwent a manipulation of his right knee under anesthesia, a right knee arthroscopy with debridement and placement of a drain on November 12, 2002.

21. Admit insofar as medical records indicate that Plaintiff was admitted to the VA Medical Center on September 30, 2003, with a diagnosis of right knee osteoarthrosis. With respect to the remainder of the allegations in paragraph 21, deny.

22. Admit only to the extent that medical records indicate that Plaintiff was admitted to the VA Medical Center on October 28, 2003, with a diagnosis of right knee arthrofibrosis. With

respect to the remainder of the allegations in paragraph 22, deny.

23. Admit insofar as medical records indicate that Plaintiff underwent a right knee arthroscopy, lysis of adhesions, and lateral reticular release on October 28, 2003. Except as expressly admitted, deny.

24. Deny.

## COUNT ONE

25. Paragraph 25 is a statement of law to which no response is required. To the extent any response is required, deny as framed. Federal Defendants aver that the United States assumed the duty to use that degree of care and skill which a reasonably competent hospital acting in the same or similar circumstances would use.

26. Paragraph 26 is a statement of law to which no response is required. To the extent any response is required, deny as framed. Federal Defendants aver that the United States assumed the duty to use that degree of care and skill which a reasonably competent hospital acting in the same or similar circumstances would use.

27. Deny.

28. Deny.

## PRAYER FOR RELIEF

The remainder of the Amended Complaint consists of Plaintiff's request for relief to which no response is required. To the extent that a response is deemed necessary, Federal Defendants deny the allegations and deny that Plaintiff is entitled to any relief whatsoever.

Federal Defendants deny each and every allegation of the Complaint not specifically and expressly admitted herein.

WHEREFORE, having fully answered, Federal Defendants respectfully request that this action be dismissed and that the Court grant such other relief as it deems appropriate.

Dated: July 10, 2006.

Respectfully submitted,

/s/
KENNETH L. WAINSTEIN, D.C. BAR # 451058
United States Attorney

/s/
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney

/s/
MEGAN L. ROSE, N.C. Bar # 28639
Assistant United States Attorney
Judiciary Center Building
555 4th Street, N.W. - Civil Division
Washington, D.C.  20530
(202) 514-7220

Of Counsel:
Patty Trujillo, Esq.
U.S. Department of Veterans Affairs
Regional Counsel Office

## CERTIFICATE OF SERVICE

I certify that the foregoing **Answer** was served upon plaintiff via the Court's electronic filing system, addressed to:

Gabriel Amin Assaad
Paulson & Nace
1615 New Hampshire Avenue, NW
Washington, DC 20009

and upon counsel for defendants at:

Hugh W. Farrell,
Eric Gunderson
Hugh W. Farrell & Associates
8840 Stanford Boulevard
Suite 2000
Columbia, MD 21045

on this 10th day of July, 2006.

/s/
MEGAN L. ROSE
Assistant United States Attorney
Judiciary Center Building
Civil Division
555 4th Street, NW
Washington, D.C. 20530