# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| JAMES INGRAM, ) | |
| ) | |
| Plaintiff, ) | Civil Action No.: 05-1985 (RJL) |
| ) | |
| v. ) | |
| ) | |
| WASHINGTON DC VETERANS AFFAIRS ) | |
| MEDICAL CENTER, *et al*., ) | |
| ) | |
| Defendants. ) | |

## FEDERAL DEFENDANTS' MOTION TO SUBSTITUTE THE UNITED STATES AS THE PROPER FEDERAL DEFENDANT

Named Federal Defendants, Willie J. Banks, M.D., Kenyatta Norman, M.D., Alberto Gonzales, Attorney General, the U.S. Department of Justice, and the United States of America, respectfully move this Court to substitute the United States as the sole Federal Defendant in this action. Submitted in support of this motion is Federal Defendants' Memorandum of Points and Authorities and Westfall Certification.

Dated: July 10, 2006         Respectfully submitted,

/s/
KENNETH L. WAINSTEIN, D.C. BAR # 451058
United States Attorney


/s/
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney

/s/ _____
MEGAN L. ROSE, N.C. Bar # 28639
Assistant United States Attorney
Judiciary Center Building
555 4th Street, N.W. - Civil Division
Washington, D.C.  20530
(202) 514-7220

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| JAMES INGRAM, | ) | |
| Plaintiff, | ) ) ) | Civil Action No.: 05-1985 (RJL) |
| v. | ) ) ) | |
| WASHINGTON DC VETERANS AFFAIRS MEDICAL CENTER, *et al*., | ) ) ) | |
| Defendants. | ) ) | |

### MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF FEDERAL DEFENDANTS' MOTION TO SUBSTITUTE THE UNITED STATES

Federal Defendants, by and through undersigned counsel, respectfully move this Court to substitute the United States as the sole Federal Defendant in this action. Plaintiff James Ingram brings the above-captioned action against Federal Defendants, Willie J. Banks, M.D., Kenyatta Norman, M.D., Alberto Gonzales, Attorney General, the U.S. Department of Justice, and the United States of America, seeking damages for alleged medical malpractice related to Plaintiff's treatment at the Washington D.C. Veterans Affairs Medical Center. See generally Compl. Specifically, Plaintiff claims that defendants were negligent in performing Plaintiff's right-knee ACL reconstruction. Id. at ¶ 27. Pursuant to Local Civil Rule 7(m), counsel for Federal Defendants attempted to confer with Plaintiff's counsel concerning this motion, but was unable to reach him.

The Federal Tort Claims Act ("FTCA"), 28 U.S.C. §2671, et seq., provides for substitution of the United States as the exclusive defendant whenever federal employees are sued for common law tort claims arising out of actions taken within the scope of their federal

employment. Specifically, 28 U.S.C. § 2679(b)(1) states:

> The remedy against the United States provided by sections 1346(b) and 2672 of this title for injury or loss of property or personal injury or death arising or resulting from the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment is exclusive of any other civil action or proceeding for money damages by reason of the same subject matter against the employee whose act or omission gave rise to the claim or against the estate of such employee.

Similarly, 28 U.S.C. § 2679(d)(1) provides:

> Upon certification by the Attorney General that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose, any civil action or proceeding commenced upon such claim in a United States district court shall be deemed an action against the United States under the provisions of this title and all references thereto, and the United States shall be substituted as the party defendant.

The effect of the statute is clear. Once the Attorney General or his designee certifies that an individually sued federal defendant was acting within the scope of his employment, the United States must be substituted as the exclusive defendant for all common law tort claims. Moreover, once substituted, all provisions and exclusions of the FTCA apply as if the United States were sued in the first instance. 28 U.S.C. § 2679(d)(4).

In this case, the United States should be substituted as the exclusive defendant for any common law tort claim plaintiff may be seeking to assert. The Attorney General has delegated his authority to issue certifications to the various United States Attorneys. 28 C.F.R. § 15.4. On March 20, 2006, the United States Attorney first redelegated that authority to Rudolph Contreras, Chief of the Civil Division of the United States Attorney's Office. Attached hereto is a certification by Mr. Contreras that the individual federal defendants were acting within the scope of their employment with the United States at the time of the incidents alleged in plaintiff's

amended complaint. Accordingly, the United States "shall" be substituted as the exclusive defendant. 28 U.S.C. § 2679.

Dated: July 10, 2006                             Respectfully submitted,


                                                 _/s/_____
                                                 KENNETH L. WAINSTEIN, D.C. Bar # 451058
                                                 United States Attorney


                                                 _/s/_____
                                                 RUDOLPH CONTRERAS, D.C. BAR # 434122
                                                 Assistant United States Attorney


                                                 _/s/_____
                                                 MEGAN L. ROSE, NC Bar # 28639
                                                 Assistant United States Attorney
                                                 Judiciary Center Building
                                                 555 4th St., N.W.
                                                 Washington, D.C. 20530
                                                 (202) 514-7220

## CERTIFICATE OF SERVICE

I certify that the foregoing **Motion** was served upon plaintiff via the Court's electronic filing system, addressed to:

Gabriel Amin Assaad
Paulson & Nace
1615 New Hampshire Avenue, NW
Washington, DC 20009

and upon counsel for defendants at:

Hugh W. Farrell,
Eric Gunderson
Hugh W. Farrell & Associates
8840 Stanford Boulevard
Suite 2000
Columbia, MD 21045


on this 10th day of July, 2006.


/s/
MEGAN L. ROSE
Assistant United States Attorney
Judiciary Center Building
Civil Division
555 4th Street, NW
Washington, D.C. 20530