DISTRICT COURT OF THE DISTRICT OF COLUMBIA
Civil Division

| | | |
|---|---|---|
| **JAMES INGRAM,** | : | |
| | : | |
| Plaintiff, | : | Case No. 1:05CV01985 |
| | : | Judge: Richard J. Leon |
| v. | : | |
| | : | |
| **UNITED STATES OF AMERICA,** *et al.,* | : | |
| | : | |
| Defendants. | : | |

**PLAINTIFF'S OPPOSITION TO FEDERAL DEFENDANT'S
MOTION TO SUBSTITUTE THE UNITED STATES
AS THE PROPER FEDERAL DEFENDANT**

COMES NOW Plaintiff, by and through undersigned counsel, and respectfully requests this Court to deny Federal Defendant's Motion to Substitute the United States as the proper Federal Defendant. In support of this Opposition, Plaintiff submits the following Memorandum of Points and Authorities.

Respectfully submitted,

PAULSON & NACE

/s/_____
Barry J. Nace, # 130724
Gabriel A. Assaad, # 478538
1615 New Hampshire Ave., NW
Washington, DC  20009
(202) 463-1999

*Counsel for Plaintiff*

# **CERTIFICATE OF SERVICE**

I hereby certify that on this 3rd day of August, 2006, I caused a true and exact copy of the foregoing *Plaintiff's Opposition to Federal Defendant's Motion to Substitute the United States as the Proper Federal Defendant* to be served upon:

>Kenneth L. Wainstein, Esq.
>Rudolph Contreras, Esq.
>Megan L. Rose, Esq.
>Judiciary Center Building
>555 4th Street, N.W.
>Washington, D.C. 20530
>
>Hugh W. Farrell, Esq.
>Hugh W. Farrell & Associates
>8840 Stanford Blvd.
>Suite 2000
>Columbia, MD 21045
>*(Counsel for Defendants*
>*Kenyatta Norman, M.D. and*
>*Howard University Hospital)*

/s/_____
Gabriel A. Assaad, Esq.

DISTRICT COURT OF THE DISTRICT OF COLUMBIA
Civil Division

| | |
|---|---|
| **JAMES INGRAM,** : | |
| : | |
| **Plaintiff,** : | Case No. 1:05CV01985 |
| : | Judge: Richard J. Leon |
| v. : | |
| : | |
| **UNITED STATES OF AMERICA,** *et al.,* : | |
| : | |
| **Defendants.** : | |

**MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT OF PLAINTIFF'S OPPOSITION TO
FEDERAL DEFENDANT'S MOTION TO SUBSTITUTE
<u>THE UNITED STATES  AS THE PROPER FEDERAL DEFENDANT</u>**

COMES NOW Plaintiff, by and through undersigned counsel, and respectfully requests this Court to deny Federal Defendant's Motion to Substitute the United States as the Proper Federal Defendant in this action.  In support of Plaintiff's Opposition, Plaintiff states as follows:

This is a medical malpractice case in which Plaintiff James Ingram alleges that Willie J. Banks, M.D. and Kenyatta Norman, M.D. deviated from the national standard of care in their treatment of James Ingram, specifically, his knee.  It should also be noted that at the time of the incident, Dr. Norman was a resident at Howard University Hospital, another Defendant in this case.  Plaintiff further alleges that the Defendants' deviation from the standard of care was a proximate cause of Mr. Ingram's injuries.

Defendants attempt to substitute the United States as the proper Federal Defendant for the actions of Dr. Banks and Dr. Norman.  Plaintiff does not disagree with the United States' recitation of the law regarding The Federal Torts Claim Act (hereafter "FTCA"), except its reasoning that upon a Westfall Certification that the United States <u>must</u> be substituted as the exclusive Defendant for all common law tort claims.

3

A Westfall Certification of employment is *prima facie* evidence that Defendant Federal employee acted within the scope of his employment, thereby placing the burden of Plaintiff to prove otherwise. *See* Gutierrez de Martinez v. Dea, 111 F.3d 1148 (4th Cir. 1997). If the Plaintiff does not come forth with any evidence to rebut the certification of employment, the certification is conclusive. *Id.*

No discovery has been performed on this case to date. It is Plaintiff's belief that Dr. Banks is a staff physician at the Veterans Affairs Hospital in Washington, D.C.[1] It is further Plaintiff's belief and understanding that Dr. Norman was a resident at Howard University Hospital at the time of the incident. Furthermore, upon request by Plaintiff upon Defendant United States, Defendant United States disclosed the contract between Howard University Hospital and the Washington D.C. Veterans Affairs Medical Center (hereinafter "VA Hospital") with regard to the relationship between both entities. (Exhibit 1). It is evident that at the time of the incident Dr. Norman was a resident at Howard University Hospital and not an employee of the VA Hospital. It is also evident from the contract that Howard University Hospital provided health services to the VA Hospital but was not an employee of the VA Hospital. Therefore, the employees of Howard University Hospital were not employees of the VA Hospital, but independent contractors.

"The Federal Torts Claims Act is a limited waiver of sovereignty, making the Federal Government liable to the same extent as a private party for certain torts of Federal employees acting within the scope of their employment." United States v. Orleans, 425 U.S. 807, 813 (1976); s*ee* 28th U.S.C. §1346(b). "Employees of the government, by statute, include 'officers or employees of any Federal agencies;' but the term 'Federal agency' excludes any contractor

---

[1] At this time and from assurances by the United States, it is believed that Dr. Banks is a staff physician at Washington D.C. Veterans Affairs Medical Center and therefore the FTCA applies and at this time Plaintiff does not contest his employment status.

**4**

with the United States." <u>Jones v. United</u> <u>S</u>tates, 305 F.Supp.2d 1200, 1205 (D.C. Kansas 2004); 28 U.S.C. §2671. Thus, "the FTCA does not authorize suits based on the acts of independent contractors or their employees." <u>Orleans</u>, 425 U.S. at 814.

The Court must determine whether Dr. Norman is a federal employee or an independent contractor. That issue is to be determined by federal law. <u>Lurch v. United States</u>, 719 F.2d 333, 337 (10th Cir. 1983). "The power of the Federal Government 'to control the detailed physical performance of the contractor is the critical factor in determining whether the independent contractor exception applies." <u>Logue v. United States</u>, 412 U.S. 521, 528 (U.S. 1973). The key factor under that test is whether the Government supervises the day-to-day operations of the individual, here Dr. Norman. <u>Orleans</u>, 425 U.S. at 815. In determining whether the Government supervised the day-to-day operations of the individual, the 10th Circuit has adopted seven factors: 1) the intent of the parties; 2) whether the United States controls only the end result or control the manner and method of reaching the result; 3) whether the person uses his own equipment or that of the United States; 4) who provides liability insurance; 5) who pays the Social Security tax; 6) whether Federal regulations for Federal employees performing such contracts; and 7) the individual has authority to subcontract others. See <u>Lilly v. Feildstone</u>, 876 F.2d 857, 859 (10th Cir. 1989).

The issue becomes in this case whether or not Dr. Norman is an independent contractor for the purposes of the FTCA. If Dr. Norman is an independent contractor, the FTCA does not apply to Dr. Norman.

It should also be noted that there is no contract between Dr. Norman and the VA Hospital. The contract is between Howard University Hospital and the VA Hospital. It is also undisputed that Dr. Norman is an employee of Howard University Hospital as a resident.

5

Although the burden of Plaintiff to rebut a Westfall Certification, it is clear from the contract that there is a contractual relationship between Howard University Hospital and the VA Hospital, there is no employment relationship.  There is no evidence from the contract that the United States would pay social security tax for Dr. Norman.  There is no evidence from the contract that the VA Hospital provided liability insurance to Dr. Norman.

Furthermore, with regard to physicians, "it is uncontroverted that a physician must have discretion to care for a patient and may not surrender control for certain medical details." *See Robb v. The United States,* 80 F.3d 884, 890 (4th Cir. 1996).  It is evident that the Veterans Affairs Hospital did not have the control over Dr. Norman's manner and method of treating patients.

Furthermore, numerous Courts of Appeals have reached decisions that a physician is an independent contractor and not an employee.  The Circuits have consistently held that physicians either in private practice or associated with an organization under contract (such as the case here) to provide medical services to facilities operated by the Federal Government are independent contractors and not employees of the Government for FTCA purposes.  *See Carmillo v. United States,* 5 F.3d 1302 (9th Cir. 1993); *Broussard v. United States,* 989 F.2d 171 (5th Cir. 1993); *Leone v. United States,* 910 F.2d 46 (2nd Cir. 1990); *Lilly v. Feildstone,* 876 F.2d 857 (10th Cir. 1989); *Lurch v. United States,* 719 F.2d 233 (10th Cir. 1983); and *Verney v. United States,* 712 F.2d 1271 (8th Cir. 1983).

There is no evidence of any employment contract between Dr. Norman and the VA Hospital.  Furthermore, numerous courts have ruled that physicians employed in private practice or in an organization, such as Dr. Norman who is employed by Howard University Hospital, are

6

not employees of the Federal Government but independent contractors. Therefore, Dr. Norman is not an employee of the Federal Government and therefore, the FTCA does not apply to him.

Since the FTCA does not apply to Dr. Norman, the United States should not be substituted as the proper Federal Defendant for Dr. Norman.

WHEREFORE, for the above-mentioned reasons, this Court should deny Defendants Motion as pertaining to Dr. Norman.

                        Respectfully submitted,

                        PAULSON & NACE


                        /s/_____
                        Barry J. Nace, # 130724
                        Gabriel A. Assaad, # 478538
                        1615 New Hampshire Ave., NW
                        Washington, DC  20009
                        (202) 463-1999

                        *Counsel for Plaintiff*

DISTRICT COURT OF THE DISTRICT OF COLUMBIA
Civil Division

| | |
|---|---|
| JAMES INGRAM, : | |
| : | |
| Plaintiff, : | Case No. 1:05CV01985 |
| : | Judge: Richard J. Leon |
| v. : | |
| : | |
| UNITED STATES OF AMERICA, *et al.,* : | |
| : | |
| Defendants. : | |

# Order

This matter coming before this Court upon Federal Defendant's Motion to Substitute the United States as the Proper Federal Defendant and Plaintiff's Opposition thereto, it is this _____ day of _____, 2006, hereby:

**ORDERED** that the Defendant's Motion be **DENIED** as to Dr. Kenyatta Norman.

_____
Judge Richard J. Leon

Copies to:   Barry J. Nace, Esq.
 Gabriel A. Assaad, Esq.
 Kenneth L. Wainstein, Esq.
 Rudolph Contreras, Esq.
 Megan L. Rose, Esq.
 Hugh W. Farrell, Esq.