UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| JAMES INGRAM, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>WASHINGTON DC VETERANS AFFAIRS )<br>MEDICAL CENTER, *et al.*, )<br>)<br>Defendants. )<br>) | Civil Action No.: 05-1985 (RJL) |

**FEDERAL DEFENDANTS' REPLY IN SUPPORT OF MOTION TO SUBSTITUTE THE UNITED STATES AS THE PROPER FEDERAL DEFENDANT**

Named Federal Defendants, Willie J. Banks, M.D., Kenyatta Norman, M.D., Alberto Gonzales, Attorney General, the U.S. Department of Justice, and the United States of America, respectfully submit this reply in support of their motion to substitute the United States as the sole Federal Defendant in this action. Plaintiff James Ingram brings the above-captioned action against Willie J. Banks, M.D., Kenyatta Norman, M.D., Alberto Gonzales, Attorney General, the U.S. Department of Justice, the United States of America, and Howard University Hospital, seeking damages for alleged medical malpractice related to Plaintiff's treatment at the Washington D.C. Veterans Affairs Medical Center. See generally Compl. For the reasons set forth below and in Federal Defendants' Motion to Substitute the United States, the United States of America should be substituted as the sole proper defendant in this case.

On July 10, 2006, Federal Defendants filed their Motion to Substitute the United States and attached the certification of Rudolph Contreras, Chief of the Civil Division of the United States Attorney's Office, that the individual Federal Defendants were acting within the scope of

their employment with the United States at the time of the incidents alleged in Plaintiff's amended complaint. See Fed. Def. Motion To Substitute, Exh. 1, Docket Entry No. 14. Plaintiff has opposed Federal Defendants' Motion, contending that because Dr. Kenyatta Norman was a medical resident at the time, she acted as an "employee" of Howard University Hospital, and that the United States should not be substituted for Dr. Norman.[1] See Pl. Opp. at 6-7, Docket Entry No. 16. However, nothing in Plaintiff's opposition raises any genuine question of material fact as to the scope of Dr. Norman's employment in this case, and Defendant's Motion to Substitute the United States should be granted.

Although a scope-of-employment certification under the Westfall Act, 28 U.S.C. § 2679(d), is judicially reviewable, see Guttierez de Martinez v. Lamagno, 505 U.S. 417, 434 (1995), the plaintiff challenging the scope-of-employment certification bears the burden "to raise a material dispute regarding the substance of [that] determination by alleging facts that, if true, would establish that the defendant [was] acting outside the scope of [his] employment." Stokes v. Cross, 327 F.3d 1210, 1213 (D.C. Cir. 2003). Accordingly, a court "may permit limited discovery and hold an evidentiary hearing to resolve a material factual dispute regarding the scope of the defendant's employment." Stokes, 327 F.3d at 1214 (emphasis added); see also Healy ex rel. Healy v. United States, __ F.Supp.2d __, 2006 WL 1633479 (D.D.C., June 14, 2006). But "[n]ot every complaint will warrant further inquiry into the scope-of-employment

---

[1] Plaintiff's argument concerning the status of Dr. Norman is central to this case because if Dr. Norman was recognized as a federal employee at the time of the alleged incidents, then the "Westfall Act," which amended the Federal Tort Claims Act ("FTCA") and provided absolute immunity to government employees for torts committed in the scope of their employment, would nullify Plaintiff's claims against any individual defendant and require that he proceed only against the United States. 28 U.S.C. § 2679(d)(1).

issue." Stokes, 327 F.3d at 1216. In fact, when there are no genuine issues of material fact, and the remaining question is "purely legal," discovery and an evidentiary hearing are unnecessary. Healy ex rel. Healy v. United States, 2006 WL 1633479 at *4.

In this case, the basic facts on which the scope of employment certification is predicated can be found within the four corners of Plaintiff's amended complaint. See, e.g., Complaint (describing the factual predicate for plaintiff's medical malpractice claims). The scope of employment question turns principally on issues of law rather than on disputes of fact. Id.[2] Indeed, Plaintiff's opposition challenges only the legal effect of Dr. Norman's status as a resident physician at the time of the alleged medical malpractice. See Pl. Opp. at 5-7; see also Sullivan v. United States, 21 F.3d 198, 201 (7th Cir.), cert. denied, 513 U.S. 1060 (1994)(inquiry whether individual is an "employee of the government" under the FTCA is a pure question of law and statutory interpretation).

The Federal Tort Claims Act ("FTCA"), 28 U.S.C. §2671, defines an "employee of the

---

[2] Whether an employee acted within the scope of employment and, therefore, whether the United States should be substituted as the proper defendant, is governed by District of Columbia law, which looks to the Restatement (Second) of Agency (1958) in defining scope of employment. Haddon v. United States, 68 F.3d 1420, 1423-24 (D.C. Cir. 1995). Under the Restatement, "[c]onduct of a servant is within the scope of employment if, but only if: (a) it is of the kind he is employed to perform; (b) it occurs substantially within the authorized time and space limits; (c) it is actuated, at least in part, by a purpose to serve the master; and (d) if force is intentionally used by the servant against another, the use of force is not unexpectable by the master." Restatement (Second) of Agency § 228(1). It is undisputed that at the time Plaintiff alleges he was injured, Federal Defendants were performing their medical duties at the Washington D.C. Veterans Affairs Medical Center. See, e.g., Compl. Plaintiff does not allege that any Federal Defendant exceeded or acted outside the scope of his or her employment with regard to the basic factual predicate for plaintiff's medical malpractice claims. Id. Accordingly, Federal Defendants, including Dr. Norman, clearly acted in "the scope of employment" with regard to any alleged medical treatment performed at the Washington D.C. Veterans Affairs Medical Center. Id.

government" to include "officers or employees of any federal agency . . . and persons acting on behalf of a federal agency in an official capacity, temporarily or permanently in the service of the United States, whether with or without compensation. " 28 U.S.C. § 2671. At the time of Plaintiff's alleged injuries, during the academic year of 2002-2003, Dr. Norman was a medical resident from Howard University employed by the VA hospital without compensation. She was certified by the Attorney General's designee pursuant to 28 U.S.C. § 2679(d)(1) to be a federal employee acting within the scope of his employment at the time of the incident.[3]

     Despite Plaintiff's assertions that Dr. Norman's status as a medical resident made her an "independent contractor," the statutory scheme under which Dr. Norman was appointed to serve as a resident in training at the VA hospital under the supervision and direction of the VA hospital medical staff clearly establishes that she was a federal employee rather than an independent contractor. Pursuant to 38 U.S.C. § 7405, the Secretary of Veterans Affairs is authorized to "employ" medical residents on a temporary full-time basis. 38 U.S.C. § 7405. Under 38 U.S.C. § 7406, the Secretary may establish residency and internship positions and appoint qualified persons to such positions (without regard to civil service or classification laws, rules or regulations), and "may prescribe the conditions of employment of persons appointed . . . including necessary training . . ." 38 U.S.C. § 7406(b); see Ezekial v. Michel, 66 F.3d 894, 900 (7th Cir. 1995)(citing Mann v. United States, 904 F.2d 1, 2 (2d Cir.1990) (per curiam)). Accordingly, pursuant to these provisions, when Dr. Norman acted as a resident physician at the VA hospital in Washington, D.C. for the academic year 2002 to 2003, Dr. Norman acted as a

---

    [3] As previously noted, the Attorney General's authority to furnish the certification has been delegated to the Chief of the Civil Division of the United States Attorney's Office. See Fed. Def. Motion To Substitute, Westfall Certification (citing 28 C.F.R. § 15.4).

federal employee.  See Ezekial, 66 F.3d at 900 ("the fact that the Secretary is authorized to establish medical residency programs and prescribe employment conditions for such positions, including necessary training and supervision, further serves to establish our conclusion that a medical specialty resident appointed to a VA hospital is a federal employee").

Plaintiff's citation to the Memorandum of Affiliation Agreement between the Department of Veterans Affairs and Howard University's College of Medicine only further supports Federal Defendants' Motion to Substitute the United States as the proper defendant.  Pl. Opp., Exh. 1, Docket Entry No. 16.  The Agreement effectuates the Secretary's authority in 38 U.S.C. § 7406, which explicitly provides that "in order to carry out more efficiently the provisions [authorizing the appointment of residents and interns], the Secretary may contract with one or more hospitals, medical schools [such as Howard University's College of Medicine], or medical installations having hospital facilities and participating with the Department in the training of interns or residents . . ." 38 U.S.C. § 7406(c).  The Agreement sets forth the mutual covenants and terms for the VA Hospital's provision of "clinical learning experiences for medical students" and Howard University's provision of medical students to assist the VA Hospital in achieving its mission of providing health care to its patients.  See Pl. Opp., Exh. 1 at 8-16.  Importantly, the Agreement itself explicitly states that when furnishing professional services at the VA Hospital, Howard University medical residents "shall be considered medical care employees of the VA." Pl. Opp., Exh. 1 at 11-12.  Their protection from personal liability "will be that which is provided under the Federal Tort Claim[s] Act as implemented by 38 U.S.C. § 7316."  Id.

Contrary to Plaintiff's assertions, it is unnecessary for this Court to delve into the degree of control exercised by the Department of Veterans Affairs over Dr. Norman.  See Pl. Opp. at 5-6

5

(citing, e.g., Lurch v. United States, 719 F.2d 333, 337 (10th Cir. 1983)); Ezekial, 66 F.3d at 902-03 (noting that the Lurch Court found the traditional control test inappropriate for employees such as doctors who exercise professional judgment because the test would disqualify all physicians from immunity, which was not Congress' intent). The cases cited by Plaintiff involve physicians in private practice or associated with a private organization under contract with a governmental agency to provide medical treatment and services, and thus are distinguishable from the case at bar. Id. In any event, even if, as Plaintiff argues, the Court were to look at the government's day-to-day supervision of Dr. Norman, the result would be the same. The sheer nature of Dr. Norman's role as a medical resident at the VA Hospital shows that she was subject to supervision and control by the VA Hospital medical staff and thus clearly not an "independent contractor." Id.

The United States should be substituted as the proper federal defendant for any common law tort claim plaintiff may be seeking to assert. See 28 U.S.C. § 2679. Plaintiff has failed to show any grounds – either factual or legal – for denying Federal Defendants' Motion.

## CONCLUSION

For all of the reasons stated above and in Federal Defendants' Motion to Substitute the United States, Federal Defendants respectfully submit that their Motion be granted.

Dated: August 15, 2006                              Respectfully submitted,


   /s/_____
KENNETH L. WAINSTEIN, D.C. Bar # 451058
United States Attorney

6

                    \_/s/_____
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney


                    \_/s/_____
MEGAN L. ROSE, NC Bar # 28639
Assistant United States Attorney
Judiciary Center Building
555 4th St., N.W.
Washington, D.C. 20530
(202) 514-7220

## CERTIFICATE OF SERVICE

I certify that the foregoing **Motion** was served upon plaintiff via the Court's electronic filing system, addressed to:

Gabriel Amin Assaad
Paulson & Nace
1615 New Hampshire Avenue, NW
Washington, DC 20009

and upon counsel for defendants at:

Hugh W. Farrell,
Eric Gunderson
Hugh W. Farrell & Associates
8840 Stanford Boulevard
Suite 2000
Columbia, MD 21045


on this 15th  day of August, 2006.


/s/
MEGAN L. ROSE
Assistant United States Attorney
Judiciary Center Building
Civil Division
555 4th Street, NW
Washington, D.C. 20530