UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| JAMES INGRAM, | * | |
| | * | |
| Plaintiff, | * | |
| | * | Case No. 05cv1985 (RJL) |
| vs. | * | |
| | * | |
| UNITED STATES OF AMERICA, *et al.*, | * | |
| | * | |
| Defendants. | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM OF LAW IN SUPPORT OF HOWARD UNIVERSITY HOSPITAL'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT**

Howard University Hospital ("HUH"), one of the Defendants, by and through its attorneys, Hugh W. Farrell and Eric W. Gunderson, Hugh W. Farrell & Associates, submits this Memorandum of Law in support of its Motion to Dismiss Or In The Alternative, For Summary Judgment, and states as follows:

**I. OVERVIEW**

James Ingram, Plaintiff, has filed an Amended Complaint against the United States, Willie J. Banks, M.D., Kenyatta Norman, M.D. ("Dr. Norman"), Alberto Gonzales, Attorney General, the United States Department of Justice, and HUH. In his Amended Complaint, Plaintiff alleges that Dr. Norman was an employee of HUH at all times during his treatment of Plaintiff while Plaintiff was a patient at the Washington D.C. VA Medical Center ("VAMC") and that HUH is, thus, vicariously liable for his alleged negligent treatment of Plaintiff. See Amended Complaint, ¶¶ 8, 27. However, HUH did not have sufficient control or supervision over Dr. Norman's clinical activities while she was at VAMC that warrants holding HUH vicariously liable for her alleged negligent treatment of Plaintiff.

In response to the Amended Complaint, the United States has moved, pursuant to applicable provisions of the Federal Tort Claims Act, to substitute itself as the proper defendant for all of the "Federal Defendants." In doing so, the United States filed along with its motion a Westfall Certification from United States Attorney Rudolph Contreras certifying that Dr. Banks and Dr. Norman were, at all times relevant to their treatment of Plaintiff, federal employees of VAMC and were acting within the scope of their employment. See Westfall Certification (Doc 14).

HUH agrees with the United States that at all times relevant to the claims asserted Dr. Norman was an employee of VAMC for purposes of the FTCA, and that HUH retained no control or supervision over Dr. Norman's care and treatment of Plaintiff while a patient at that federal facility. Accordingly, there can be no actionable claim against HUH based on a theory that it is somehow vicariously liable for Dr. Norman's alleged negligence. For this reason, Plaintiff's claim against HUH should be dismissed, leaving the United States as the sole defendant in this FTCA action.

## II. ARGUMENT

### A. DR. NORMAN WAS AN EMPLOYEE OF VAMC AT ALL TIMES DURING HER TREATMENT OF PLAINTIFF WHILE PLAINTIFF WAS A PATIENT AT VAMC.

As has been established in great detail in papers previously filed by the United States and HUH in this action, including HUH's Reply to Plaintiff's Opposition to Motion to Substitute the United States as the Proper Federal Defendant, which is incorporated herein by reference in its entirety, Dr. Norman was an employee of VAMC during all times relevant to her alleged treatment of Plaintiff while Plaintiff was a patient at VAMC. Most notably is the Westfall

Certification submitted by the United States in which United States Attorney Rudolph Contreras certifies that Dr. Norman was an employee of the United States at all times relevant to her treatment of Plaintiff while Plaintiff was a patient at VAMC.

    **B.    HUH DID NOT HAVE SUFFICIENT CONTROL OR SUPERVISION OVER DR. NORMAN'S TREATMENT OF PLAINTIFF SUFFICIENT TO WARRANT HOLDING HUH VICARIOUSLY LIABLE FOR DR. NORMAN'S ALLEGED NEGLIGENT TREATMENT OF PLAINTIFF.**

Having established that Dr. Norman was acting within the scope of his employment with VAMC at all times during the course of his treatment of Plaintiff, it ineluctably follows that there can be no cause of action against HUH based on a theory that HUH is vicariously liable for Dr. Norman's alleged negligence in the course of providing such treatment. As set forth in great detail in HUH's Reply to Plaintiff's Opposition to Motion to Substitute the United States as the Proper Federal Defendant, which is again incorporated herein by reference in its entirety, HUH maintained no authority or control over the clinical aspect of Dr. Norman's treatment of Plaintiff while Plaintiff was a patient at VAMC. Rather, responsibility for supervision over Dr. Norman's treatment of Plaintiff was assumed by VAMC. There is no basis, then, to hold HUH liable in tort for the alleged negligence committed by Dr. Norman in the course of her care and treatment of Plaintiff. For this reason, HUH should be dismissed as a party from this case and the sole remaining defendant should be the United States.

### III. CONCLUSION

In light of the foregoing arguments and cited authorities, Howard University Hospital's Motion to Dismiss or, in the Alternative, for Summary Judgment should be GRANTED and all claims asserted against Howard University Hospital should be DISMISSED with prejudice.

Respectfully submitted,

HUGH W. FARRELL & ASSOCIATES

*s/ Hugh W. Farrell*
_____
Hugh W. Farrell #375515
8840 Stanford Boulevard
Suite 2000
Columbia, Maryland 21045
301-596-7222


*s/ Eric W. Gunderson*
_____
Eric W. Gunderson #26319
8840 Stanford Boulevard
Suite 2000
Columbia, Maryland 21045
301-596-7222
*Attorneys for Defendant Howard University Hospital*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 16th day of August, 2006, an electronic copy of the foregoing document was sent via electronic mail to all counsel of record via the Court's CM/ECF system.


*s/ Eric W. Gunderson*
_____
Eric W. Gunderson #26319