UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JAMES INGRAM, | ) |
|     Plaintiff, | ) Civil Action No.: 05-1985 (RJL) |
| v. | ) |
| WASHINGTON DC VETERANS AFFAIRS MEDICAL CENTER, *et al.*, | ) |
|     Defendants. | ) |

**PARTIES' JOINT REPORT PURSUANT TO LOCAL RULE 16.3**

Pursuant to Local Rule 16.3, Fed. R. Civ. P. 26(f), and this Court's Order of October 25, 2006, the parties hereby respectfully submit their Meet and Confer Statement, which is based on a telephonic meeting and email communication between Assistant United States Attorney Megan L. Rose and Gabriel Amin Assaad, counsel for Plaintiff James Ingram.

Plaintiff filed a complaint against the Washington, DC Veterans Affairs Medical Center, Willie J. Banks, Jr., M.D., Norman Kenyatta, M.D., and Howard University Hospital Center, seeking damages for alleged medical malpractice related to Plaintiff's treatment at the Washington, DC Veterans Affairs Medical Center. Docket Entry No. 1. Subsequently, Plaintiff filed his First Amended Complaint against the United States of America, the U.S. Department of Justice, Alberto Gonzales, Attorney General, Willie J. Banks, Jr., M.D., Kenyatta Norman, M.D., and Howard University Hospital Center.[1] Docket Entry No. 8. Specifically, Plaintiff claims that

---

[1] On July 10, 2006, Federal Defendants filed a motion to substitute the United States of America pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §2671, et seq., as the proper defendant. Docket Entry No. 14. In an August 18, 2006 Minute Order, the Court granted that motion. On September 18, 2006, the parties filed a stipulation of dismissal of Defendant Howard University Hospital. Docket Entry No. 23.

defendants were negligent in performing Plaintiff's right-knee ACL reconstruction. See Am. Compl. ¶ 27.

The United States of America denies the allegations in the Amended Complaint and denies that any alleged injuries or damages were proximately caused by the alleged acts of negligence of any individual acting on behalf of the United States. Defendant avers that claims and/or causes of action set forth in the Amended Complaint are barred by the doctrines of contributory negligence and/or assumption of the risk; Plaintiff's alleged injuries were caused solely by the acts or omissions of other parties, persons, or entities, their servants, agents, representatives, or employees, none of whom are agencies or employees of the United States for whom the United States has any liability pursuant to the Federal Tort Claims Act; and negligent acts or omissions of others may have constituted intervening or superceding causes of all damages or injuries allegedly sustained. Finally, Defendant avers that the United States, through its employees and agents, acted with due care and diligence at all relevant times.

For the Court's convenience, the remainder of the discussion herein follows the numbering and topics of Local Rule 16.3(c).

1. <u>Dispositive Motions/Discovery Timeframe</u>:

The parties agree that it is unlikely that this case can be fully resolved on dispositive motions. However, at this early stage of the case, both parties wish to preserve their ability to file motions after the close of discovery, even if such motions would not be fully dispositive of the case.

2. <u>Amendment to Pleadings</u>: At this time, the Parties do not anticipate amending the pleadings or joining additional or third parties.

3. <u>Assignment to Magistrate Judge</u>:  The parties do not consent to assignment to a magistrate judge for all purposes.

4. <u>Settlement Possibility</u>:  The Parties have not discussed settlement as of the date of this filing, and at this time, the parties are unsure how likely settlement in this case may be. Counsel for the parties agree that building approximately a month into the schedule at the end of the discovery period for settlement discussions with one of the Magistrate Judges might give the parties the best chance to resolve the case short of trial.

5. <u>Alternative Dispute Resolution</u>:  The Parties believe that alternative dispute resolution, which they request take the form of settlement discussions with a Magistrate Judge, may be appropriate after they have had some time to conduct discovery and exchange expert reports.

6. <u>Dispositive Motions/Discovery Timeframe</u>:  The parties anticipate needing 180 days for discovery.  If the parties complete discovery by the beginning of May, 2007, they would suggest that the Court schedule a status conference during late May, 2007 at which time the parties could indicate the status of any settlement discussions and whether they intend to file any motions.  If the Court wishes to set a schedule at the outset, the parties would propose the following schedule for briefing any dispositive motions: motions to be filed by June 20, 2007; oppositions filed by July 16, 2007; and reply briefs filed by August 6, 2007.

7. <u>Initial Disclosures</u>:  The parties will do initial disclosures but would request thirty (30) days from the date of the initial scheduling conference.

8. <u>Discovery</u>:  Due to the complexity of the issues to be litigated, the parties believe that the schedule in this case should allow a discovery period of approximately 180 days ending

on May 4, 2007. Both Parties believe that discovery matters, including limitations placed on discovery, should be governed by the Federal Rules of Civil Procedure and the Rules of the United States District Court for the District of Columbia. Both Plaintiff and Defendant are currently in the process of obtaining experts. Defendant anticipates that it may need to request a protective order in order to disclose certain sensitive information to its expert, and the parties will likely present a joint order to the Court.

9. <u>Experts</u>: The parties suggest that Plaintiff be required to provide any expert reports no later than February 5, 2007, and that defendant be given until April 5, 2007 to provide its expert reports to Plaintiffs. The parties further agree to cooperate with scheduling and taking expert depositions within the close of other discovery.

10. <u>Class Actions</u>: This case is not a class action, and therefore, this paragraph of Local Rule 16.3 is not applicable.

11. <u>Bifurcation of Discovery or Trial</u>: The Parties do not see any need for bifurcation at this time.

12-13. <u>Proposed Dates for the Pretrial Conference and Trial</u>: The parties agree to recommend that the Court set a date for a status conference in late May, 2007, or as soon thereafter as the Court's schedule will allow, for such further proceedings, including the filing of any dispositive motions, as needed in this matter. At that status conference, the Court could schedule pre-trial and trial dates.

14. <u>Other Matters</u>: The parties are not aware of any other matters at this time requiring the attention of the Court.

Dated: November 3, 2006						Respectfully submitted,

/s/_____
JEFFREY A. TAYLOR, D.C. Bar # 498610
United States Attorney

/s/_____
RUDOLPH CONTRERAS, DC Bar # 434122
Assistant United States Attorney

/s/_____
MEGAN L. ROSE, NC Bar # 28639
Assistant United States Attorney
555 4th Street, N.W.
Washington, D.C. 20530
(202) 305-4851

Counsel for Defendant


/s/_____
Gabriel Amin Assaad
Paulson & Nace
1615 New Hampshire Avenue, NW
Washington, DC 20009

Counsel for Plaintiff.